LNE
JST: USAO 2026R00447

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

USDC- BALTIMORE
'26 SEP 30 PM1:46

**UNITED STATES OF AMERICA**

**v.**

**SEAN THOMPSON,**

**Defendant.**

**CRIMINAL NO.** BAH-26-337

**(Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841(a)(1), (b)(1)(C); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A); Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))**

*******

**INDICTMENT**

**COUNT ONE**
**(Possession of a Firearm and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland charges that:

On or about May 28 2026, in the District of Maryland, the Defendant,

**SEAN THOMPSON,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Polymer80 Inc., PF940C, 9-millimeter Luger Pistol, bearing no serial number, and approximately 12 rounds of 9-millimeter Luger ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

**COUNT TWO**
**(Possession with the Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges that:

On or about May 28, 2026, in the District of Maryland, the Defendant,

**SEAN THOMPSON,**

did knowingly and intentionally possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, and a mixture or substance containing a detectable amount of fentanyl, a Schedule II Controlled Substance.

21 U.S.C. § 841(a)(1), (b)(1)(C)

**COUNT THREE**
**(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)**

The Grand Jury for the District of Maryland further charges that:

On or about May 28, 2026, in the District of Maryland, the Defendant,

**SEAN THOMPSON,**

did knowingly possess a firearm, to wit, a Polymer80 Inc., PF940C, 9-millimeter Luger Pistol, bearing no serial number, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with the intent to distribute controlled substances, as charged in Count Two of this Indictment, which is incorporated by reference herein.

18 U.S.C. § 924(c)(1)(A)

**FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One, Two, or Three of this Indictment.

**Narcotics Forfeiture**

2. Upon conviction of the offense alleged in Count Two of this Indictment, the Defendant,

**SEAN THOMPSON,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and

b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

**Firearms and Ammunition Forfeiture**

3. Upon conviction of the offenses alleged in Counts One or Three of this Indictment, the Defendant,

**SEAN THOMPSON,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offenses.

**Property Subject to Forfeiture**

4. The property to be forfeited includes, but is not limited to:

a. a Polymer80 Inc., PF940C 9-millimeter Luger Pistol, bearing no serial number; and

b. approximately twelve (12) rounds of 9-millimeter Luger ammunition.

**Substitute Assets**

5. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Kelly Hayes /JST
Kelly O. Hayes
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED
Foreperson

9/30/26
Date